# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI S. WATSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CITIMORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEM; CR TITLE SERVICES, INC.; FIRST AMERICAN TITLE INSURANCE CO.; AMBECK MORTGAGE ASSOCIATES,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:10-cv-02279-OWW-SMS<br><br>SCREENING ORDER<br><br><br><br><br><br>(Doc. 1) |

### Screening Order

Plaintiff Lori S. Watson, proceeding *pro se* and *informa pauperis*, filed her complaint on December 8, 2010. She challenges the foreclosure of certain real property, alleging (1) fraud; (2) wrongful foreclosure; (3) negligence per se; and (4) quiet title. She seeks damages and equitable relief, including multiple declaratory judgments. This matter has been referred to the magistrate judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

///

I. **Screening Requirement**

A court has inherent power to control its docket and the disposition of its cases with economy of time and effort for both the court and the parties. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992). In cases in which the plaintiff is proceeding *in forma pauperis*, the Court must screen the complaint and must dismiss it at any time if it concludes that the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

II. **Pleading Standards**

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to § 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S.Ct. at

1949, *quoting Twombly*, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (*citations omitted*). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Id.* at 555-56 (*internal quotation marks and citations omitted*). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his or her claim.

Plaintiff's complaint falls woefully short of meeting these pleading standards. Most allegations are legal conclusions. The few factual allegations are vague and incomplete. Although Plaintiff attempts to set forth her claims using subheadings, the allegations set forth below the subheadings do not all relate to the apparent claim and include apparently unrelated allegations and claims. Accordingly, this order will review the complaint, identifying the manner in which it falls short of satisfying the pleading standards.

**III.   Parties**

This section of the complaint generally identifies five defendants. The caption includes only four of the identified defendants. Plaintiff must either add Defendant Ambeck to the caption or delete references to it as a defendant from the body of the complaint.

The complaint then alleges the legal conclusion that each defendant acted in concert as employees, agents, co-conspirators or members of a joint venture with the other defendants and that the defendants are jointly and severally liable. The complaint must be amended to allege facts

///

from which a fact finder, whether judge or jury, could itself conclude that the defendants acted in concert or pursuant to a conspiracy.

### IV.  General Allegations

In November 1988, Plaintiff purchased certain real property, identified as 2812 Marvin Gardens, Modesto, Stanislaus County, California.  Plaintiff does not identify whether the property was commercial or residential, or, if the property was residential, whether it was her personal residence or an investment property.  She does not allege any purchase money or other financing on the property.

On or about November 7, 2003, Plaintiff refinanced the loan through Defendant Ambeck. Plaintiff alleges that she is unaware of both the beneficiary of the deed of trust and the identity of the individual who executed the promissory note.  As the borrower, Plaintiff presumably executed the promissory note to the lender.  If she did not do so, further factual allegations are needed to explain fully the circumstances under which she procured the 2003 loan.

Plaintiff alleges that she made each payment due on the loan.  The complaint does not identify to whom Plaintiff made these payments.

On or about May 1, 2010, Plaintiff inquired to Defendant CitiMortgage about the loan.  A CitiMortgage representative told Plaintiff "there was nothing she could do."  The complaint does not allege CitiMortgage's role, if any in the 2003 loan.  Neither does it explain the meaning of the representative's statement of being able to do nothing.  What did Plaintiff seek to have CitiMortgage do?

On July 7, 2010, an unidentified person or entity executed a Notice of Default and Election to Sell Under Deed of Trust.  On July 10, 2010, Plaintiff received notice of the Notice of Default

and Election to Sell Under Deed of Trust. On July 14, 2010, an unidentified person or entity recorded the notice.

According to the complaint, the notice identified Defendant Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary. The complaint then alleges four legal conclusions without alleging supporting facts: (1) that MERS was never the beneficiary of the loan; (2) that MERS was not entitled to Plaintiff's payments; (3) that MERS was not qualified to conduct business in California; and (4) that, under the Truth in Lending Act (15 U.S.C. §§ 1601-1667f), MERS lacked legal standing to foreclose.

The complaint alleges that "Pam January" falsely declared that she contacted Plaintiff on behalf of CitiMortgage. According to the complaint, neither CitiMortgage nor Defendant CR Title Services ever contacted Plaintiff in writing or by telephone. The complaint does not allege CR Title's role in the 2003 loan.

On August 10, 2010, Plaintiff sent a "Qualified Written Request," as defined by section 6 of the Real Estate Settlement Act, to an unidentified party for copies of all documents pertaining to the origination of an unspecified mortgage. The complaint alleges that CitiMortgage received the letter on August 12, 2010, and has not responded for more than sixty days. The Plaintiff does not allege the purpose of her request or its relevance to this action.

Finally, the complaint alleges as fact the legal conclusion that the Trustee's Sale was invalid because "it took place without anyone ever presenting the original note, or original and valid assignments of the note." The complaint must allege facts by which the fact finder could conclude that the sale was invalid.

///

**V.      Fraud (15 U.S.C. §§ 1606-1667f)**

This section heading refers to both fraud and a substantial portion of the laws applicable to consumer credit cost disclosure.  The complaint does not identify which of the numerous cited statutes are alleged to apply.  Not only does the complaint fail to identify specific applicable statutes, it alleges no facts whatsoever to establish violation of any of the cited statutes and fails to articulate any connection between the foreclosure of the property in question and any failure on the part of any defendant to disclose any cost of consumer credit.

Citing *United States v. Tweel,* 550 F.2d 297 (1977), the complaint alleges that CitiMortgage has committed fraud simply by failing to respond to Plaintiff's qualified written request.  Not only is this legal conclusion insufficient to comply with the pleading standards outline above, *Tweel*, a criminal case in which the defendant was convicted of conspiring to defraud the United States by obstructing the lawful functions of the Internal Revenue Service, tax evasion, and making false statements in tax returns, has no apparent application to this case.

In the same paragraph, the complaint also alleges that the limitations period may be equitably tolled until the borrower has had reasonable opportunity to discover facts giving rise to a TILA claim but provides no explanation of the relevance of equitable tolling to this case or to Plaintiff's fraud claims.

Finally, the complaint again alleges the legal conclusion that MERS is not the noteholder and lacks standing to foreclose, but fails to allege facts from which the fact finder could reach that conclusion.

In light of the jumbled collection of apparent claims in this subsection, the Court is unsure whether Plaintiff's intent is to allege a fraud claim, a violation of some provision of TILA, an

entitlement to tolling of an unidentified limitations period, or some other claim that is not apparent. If the Plaintiff elects to amend the complaint, as this order permits her to do, she must not allege legal conclusions but must allege facts supporting the elements of the claim(s) she intends to allege. If she intends to allege more than one of the claims apparent in this section, facts supporting each of those multiple claims should be alleged in separate sections or otherwise separately identified.

## VI. Wrongful Foreclosure

### 1. Insufficiency of Pleadings

Wrongful foreclosure is a claim under California state law. *See Guerrero v. Greenpoint Mortgage Funding, Inc.*, 2010 WL 4117102 at *1 (9th Cir. October 20, 2010) (No. 10-15333). To establish standing to bring a wrongful foreclosure claim, a plaintiff must allege facts necessary to establish actual, full, and unambiguous tender of the debt owed on the mortgage. *Karlsen v. American Savings and Loan Ass'n*, 15 Cal.App.3d 112, 117 (1971). In addition, a plaintiff must allege facts rebutting requirements of Cal. Civil Code 2924. *See, e.g., Valtierra v. Wells Fargo Bank, N.A.*, 2011 WL 590596 at *6 (E.D. Cal. February 10, 2011) (No. 1:10-cv-00849-AWI-GSA). The complaint does not make such allegations, instead attacking the authority of MERS to conduct business in California.

Although it is possible that the allegations regarding MERS are somehow relevant to Plaintiff's wrongful foreclosure claim, when set forth alone, they are insufficient to establish a claim of wrongful foreclosure. The complaint must allege, in a logical and complete manner, facts sufficient to establish a wrongful foreclosure claim under California law. It does not do so.

///

### 2. Jurisdiction Over State Claims

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the federal district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367 (c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Amer. v. Gibbs, 383 U.S. 715, 726 (1966). Accordingly, federal court jurisdiction over a wrongful foreclosure claim, as well as any other claim under California state law, depends on the federal court's election to exercise pendant jurisdiction in light of the presence of a valid federal claim.

### VII. Negligence Per Se

Under California law, the elements of a cause of action for negligence are (1) a legal duty to use care; (2) a breach of that duty; (3) a reasonably close causal connection between the breach and the resulting injury; and (4) actual loss or damage. *Ahern v. Dillenback*, 1 Cal.App. 4th 36, 42 (1991). Plaintiff alleges the breach of a statutory duty to disclose certain information but does not allege a causal connection between the breach and the foreclosure of her home.

///

///

## VIII. Quiet Title Action

Again, Plaintiff alleges legal conclusions, not facts supporting her claim. To maintain a quiet title action, a plaintiff must allege specific facts supporting his or her allegations. *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004), *cert. denied*, 544 U.S. 974 (2005). California Code of Civil Procedure § 760.010 provides for an action "to establish title against adverse claims to real or personal property or any interest therein." Such an action requires a plaintiff to allege (1) the legal description and street address of the subject property; (2) plaintiff's title to the property for which determination is sought and the basis of the title claim; (3) the adverse claims to the title of the plaintiff against which the determination is sought; (4) the date as of which the determination is sought; and (5) a prayer for the determination of the title of the plaintiff against the adverse claims. California Code of Civil Procedure § 761.020. A quiet title claim also requires the plaintiff to allege that he or she is the rightful owner of the property in that he or she has satisfied all obligations under the deed of trust. *See Kelley v. Mortgage Electronic Registration Systems, Inc.*, 642 F.Supp.2d 1048, 1057 (N.D. Cal. 2009).

In particular, the mortgagor must allege that he or she has paid, or tendered payment of, the full amount due under the mortgage. In California, a mortgagor cannot quiet title against the mortgagee without paying the debt secured. *Shimpones v. Stickney*, 219 Cal. 637, 649 (1934). An action to set aside a sale under a deed of trust does not state a cause of action unless it is accompanied by an offer to redeem. *Copsey v. Sacramento Bank*, 133 Cal. 659, 662 (1901).

## IX. IRS Code Violations

Among the relief sought by Plaintiff is judgment for violations of IRS (presumably Internal Revenue Service) code violations. The complaint includes no allegation of any violation of the

IRS code.  In the amended complaint, Plaintiff must either delete this request or add factual allegations identifying and establishing one or more violations.

## X. Exhibits

Various documents are appended to the complaint.  These are neither identified within the complaint nor incorporated by reference.  The Court is not a repository for the parties' evidence.  Originals or copies of evidence are properly submitted when the course of the litigation brings the evidence into question (as upon a summary judgment motion, at trial, or upon the Court's request).  During the screening process, which Plaintiff's complaint is now undergoing, Plaintiff is required only to state a prima facie claim for relief.  Submission of evidence is premature.  Accordingly, a plaintiff is well advised to state fully the facts supporting his or her claims against the defendants and to refrain from attaching exhibits.

When screening a plaintiff's complaint, the Court must assume the truth of the factual allegations.  Submitting exhibits to support the complaint's allegations is generally unnecessary.  When a plaintiff is compelled to submit exhibits with a complaint, such exhibits must be attached to the complaint and incorporated by reference.  Fed. R. Civ. Proc. 10(c).  Plaintiff is cautioned that, in determining whether a complaint states cognizable claims, the Court's duty is to evaluate the complaint's factual allegations, not to wade through exhibits.

## XI. Conclusion and Order

Plaintiff's complaint fails to state a claim upon which relief may be granted.  The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.  *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

///

Plaintiff may not change the nature of this suit by adding new, unrelated claims in the amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, but, as discussed above, must allege sufficient facts to support each claim. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (*citations omitted*). Plaintiff should focus on identifying her legal claims and setting forth, as briefly but specifically as possible, the facts linking the defendants she names to the alleged claims.

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997), *aff'd*, 525 U.S. 299 (1999); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567; *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed with leave to amend for failure to state a claim;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order; and

///

///

///

///

3.  If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, this action will be dismissed with prejudice for failure to state a claim.

IT IS SO ORDERED.

**Dated:   March 3, 2011**                              /s/ Sandra M. Snyder
                                                    UNITED STATES MAGISTRATE JUDGE